IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Raymond,<br><br>        Plaintiff,<br><br>   v.<br><br>Barbara Howard, Sheldon D. Johnson, Jim McCauley, Kammi Foote, Lee Lundigran, Ken Baird, Sheryl Thur, Austin Erdman, Kathy Darling Allen, Beverly Ross, Freddie Oakley, and Kathleen Williams,<br><br>        Defendants. | 2:12-cv-02215-GEB-EFB and related cases:<br>2:12-cv-02217-GEB-EFB<br>2:12-cv-02219-GEB-EFB<br>1:12-cv-01407-GEB-EFB<br>1:12-cv-01408-GEB-EFB<br>1:12-cv-01412-GEB-EFB<br>2:12-cv-02220-GEB-EFB<br>2:12-cv-02221-GEB-EFB<br>2:12-cv-02222-GEB-EFB<br>2:12-cv-02223-GEB-EFB<br>2:12-cv-02225-GEB-EFB<br>2:12-cv-02259-GEB-EFB<br><br>ORDER STAYING RELATED CASES, SCHEDULING STATUS (PRETRIAL SCHEDULING) CONFERENCE, AND DEEMING PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS WITHDRAWN |

Since Libertarian Party of Los Angeles Cnty. v. Bowen, Case No. 2:10-cv-02488-PSG-OP ("Libertarian Party"), is a pending lawsuit in the United States District Court for the Central District of California that also challenges the constitutionality of residency requirements for petition circulators under the California Election Code, and the state officials that a number of Defendants in the above-captioned related cases ("related cases") sought to have joined as defendants are named as defendants in Libertarian Party, the Court *sua sponte* issued an order directing the parties to address whether the related cases should be stayed pending a decision in Libertarian Party. (Order 7:13-19, May 6, 2013, ECF No. 26.)

1

1    Plaintiff and Defendants Howard, Johnson, McCauley, Foote, Lundigran, Thur, Erdman, Allen, Oakley, and Williams each filed responses to the May 6, 2013 OSC. Each Defendant filed essentially the same response, stating, *inter alia,* that he or she "does not oppose the exercise of the Court's discretion to stay the [related] case[s] pending a decision in Libertarian Party." See, e.g., Def. Howard's Resp. to OSC 1:5-6, ECF No. 29.) Defendants indicate: "[t]he Libertarian Party case . . . is certain to control the outcome of the proceedings in th[e related] case[s] as it challenges the same questions of law regarding the constitutionality of residency requirements for circulators." Id. at 1:7-10. Defendants further state: "[i]n light of the foregoing and in order to prevent redundant and duplicative litigation, as well as to promote the interests of judicial economy, [they] ha[ve] no objection to the Court's stay of th[e related] action[s]." Id. at 2:6-8.

Plaintiff also "does not oppose the exercise of the Court's discretion to stay the [related] case[s] pending a decision in Libertarian Party[, . . .] fully believ[ing] that the Libertarian Party case will affect the outcome of the proceedings in th[ese] case[s] as it challenges the same questions of law regarding the constitutionality of residency requirements for potential petition circulators." (Pl.'s Resp. to OSC 2:2-9, ECF No. 31.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial,

2

```
                administrative, or arbitral in character, and does
                not require that the issues in such proceedings are
                necessarily controlling of the action before the
                court.
```

Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

The Ninth Circuit has "set out the following framework" in determining whether to impose a Landis stay:

```
                Where it is proposed that a pending proceeding be
                stayed, the competing interests which will be
                affected by the granting or refusal to grant a stay
                must be weighed. Among those competing interests
                are the possible damage which may result from the
                granting of a stay, the hardship or inequity which
                a party may suffer in being required to go forward,
                and the orderly course of justice measured in terms
                of the simplifying or complicating of issues,
                proof, and questions of law which could be expected
                to result from a stay.
```

Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Further, "'a stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time.' Generally, stays should not be indefinite in nature." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting Leyva, 593 F.2d at 864).

The referenced factors weigh in favor of issuing a stay of each of the related cases pending decision in Libertarian Party. "Nothing in the record indicates that [any] party will be prejudiced by a . . . stay." City of Lindsay v. Sociedad Quimica Y Minera De Chile, No. 1:11-cv-00046-LJO-SMS, 2012 WL 2065035, at *3 (E.D. Cal. June 7, 2012). In fact, all but two parties in the related cases filed responses to the OSC stating that they do not oppose a stay.[1] Further, issuing a

---

[1] Defendants Baird and Ross did not file responses to the OSC.

stay furthers the interests of judicial economy and efficiency since each party who filed a response to the OSC agrees that Libertarian Party will affect the outcome of the related cases. Further, there is no evidence that litigation in Libertarian Party "will be protracted."[2] Lindell v. Synthes, USA, No. 1:11-cv-2053 LJO-BAM, 2012 WL 1657197, at *3 (E.D. Cal. May 10, 2012).

For the stated reasons, each above-captioned case is stayed pending decision in Libertarian Party. A status conference is scheduled in each case commencing at 9:00 a.m. on February 3, 2014. A joint status report shall be filed fourteen (14) days prior to the status conference, in which the parties shall explain the status of Libertarian Party; however, if decision is reached in Libertarian Party by the status report due date, information concerning how the case should be scheduled shall be included in the joint status report. If a party learns that a decision has been reached in Libertarian Party before its status report is due, that party shall notify the Court in a filing as soon as practicable.

Further, in light of the stay, Plaintiff's Motions for Judgments on the Pleadings, filed in each of the related cases, are deemed withdrawn.

Dated: May 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] The Ninth Circuit recently issued an opinion in Libertarian Party, in which the panel reversed the district court's dismissal of the Complaint for lack of standing and remanded the matter "for proceedings on the merits." See Libertarian Party of L.A. Cnty. v. Bowen, 709 F.3d 867, 869-70 (9th Cir. 2013).

4